# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE COBBS, | Civil Action No. 03 – 1952 |
| Petitioner, | |
| | District Judge David S. Cercone |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| NEAL K. MECHLING, | ECF No. 24 |
| Superintendent SCI-Fayette, *et al.*, | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion for Relief from Judgment filed by Petitioner George Cobbs (ECF No. 24) be denied.

**II.   REPORT**

**A.  Background**

In connection with a drug sale gone bad, Petitioner was originally charged with one count of reckless endangerment and three firearms violations at Criminal Information No. 7803639. He was also charged with one count each of murder of the first degree, murder of the third degree and voluntary manslaughter at Criminal Information Nos. 7803663 and 7803664. At the time he was charged with these crimes Petitioner had fled from Pennsylvania. Petitioner was subsequently apprehended in January 1979 and extradited to Pennsylvania to stand trial.

Petitioner's retained counsel, Attorney Michael Litman, filed a state habeas corpus petition, requesting an arraignment on the charges. However, at the Commonwealth's request,

1

the police rearrested Petitioner and new charges were filed on May 23, 1979. As a result of the rearrest, Petitioner was charged with one count each of murder in the first degree, murder in the second degree, murder in the third degree and voluntary manslaughter at Criminal Information No. 1902915; with three counts of robbery, two counts of aggravated assault and two counts of firearms violations at Criminal Information No. 7902950; and with one additional count of murder in the first degree, murder in the second degree, murder in the third degree and voluntary manslaughter at Criminal Information No. 7902962. With the concurrence of Attorney Litman, the charges at Criminal Information Nos. 7803639, 7803663, and 7803664 were nolle prossed.

In June 1979, Petitioner was tried before a jury in front of Judge Clarke. The jury found Petitioner guilty of two counts of murder in the first degree, three counts of robbery, once count of aggravated assault and two counts of violating the firearms law. Judge Clarke then sentenced Petitioner to two life sentences to be served concurrently for the two first degree murder convictions and then sentenced him to 10-20 years on one count of robbery and 2½ to 5 years for a firearms violation. Petitioner received no further penalty on the remaining convictions.

Following Petitioner's state court direct appeal and post conviction proceedings, which lasted until September 2003, he filed a petition for writ of habeas corpus in this Court in December 2003. On February 3, 2005, the undersigned filed a Report and Recommendation, recommending that the habeas petition be dismissed, and that Report was adopted by Order of Court dated April 6, 2005.

**B. Petitioner's Rule 60(b) Motion**

Petitioner maintains that he is eligible for relief under Federal Rule of Civil Procedure 60(b)(1), (3), (4), and (6). Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances,

including (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud or misconduct by an opposing party; (4) because the judgment is void; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under subsection (b)(6) requires a showing of "extraordinary circumstances," which the Supreme Court has recognized "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Petitioner requests that the Court reopen his case and grant him habeas relief because in 1979 the Commonwealth violated 42 Pa.C.S. § 6505, which provides as follows:

> Any person who shall fail or refuse to respond to a writ or to an order issued under this chapter, or who shall change the place of detention of any person for the purpose of defeating the writ, or shall, without express authorization from a judge of a court or record, recommit on substantially the same facts and circumstances any person set at large upon a habeas corpus, or shall do any act for the purpose of defeating the writ or the order, commits a misdemeanor of the second degree.

Id. As Petitioner understands the situation, everything that occurred after the Commonwealth's alleged violation is a nullity.

While it is clear that Petitioner is challenging the propriety of the Commonwealth's re-filing of criminal informations, the exact nature of his claim is not clear. His motion seems to suggest that the Commonwealth re-arrested him while he was still being held under the original criminal informations. He also states that the re-filing of charges "was used to back-door a different set of robbery charges and circumvent Rule 564,[1] knowing that those charges would have been prohibited under the original 1978 Informations," and, as such, it was "substantially prejudicial and cannot stand as the legal basis of [his] imprisonment."

---

[1] This Rule allows for the amendment of an information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564.

3

### C. The Rule 60(b) Motion is a Second or Successive Habeas Petition

As an initial matter, a district court must first determine whether a Rule 60(b) motion is, in actuality, a second or successive habeas petition. Because federal courts lack jurisdiction to consider a second or successive habeas petition if a petitioner does not first obtain an order from the circuit, Burton v. Stewart, 549 U.S. 147, 157 (2007), the district court would lack jurisdiction over the motion if it was in fact a second or successive habeas petition. The Supreme Court has held that the use of Rule 60(b) to advance a claim that is "in substance a successive habeas petition" would constitute an impermissible circumvention of the standards set forth in the AEDPA. Gonzalez, 545 U.S. at 531-32.

In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." 524 U.S. at 532. In other words, a Rule 60(b) motion will be construed as a second or successive habeas petition when the petitioner challenges his underlying conviction rather than the manner in which his previous habeas petition was procured. Id. at 531; Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

Although presented in the context of a Rule 60(b) motion, Petitioner asks for this Court to review the merits of claims that appear to have already been reviewed and rejected. In his federal habeas corpus petition, Petitioner complained that his trial attorney's withdrawal of the state habeas petition permitted the District Attorney to file new criminal informations while the old criminal informations were outstanding. Petitioner also complained that this alleged impropriety divested the Allegheny County Court of Common Pleas of subject matter jurisdiction. Referencing the state Superior Court's resolution of these claims on appeal from the denial of Petitioner's PCRA petition, this Court concluded that Petitioner was not entitled to

habeas relief. Specifically, the Superior Court noted that it was entirely within the Commonwealth's discretion to amend [i.e. substitute] the information, but had the Commonwealth attempted to prosecute Petitioner on both the 1978 and 1979 indictments double jeopardy clearly would have attached. The Superior Court also noted that Petitioner cited to no authority for his claim that the re-filing of charges caused the court to lose jurisdiction, and, therefore, there was no error.

Because it appears as though the claims raised in Petitioner's Rule 60(b) motion are identical or substantially the same to those raised in his federal habeas petition that have already been reviewed and rejected by the Court, his motion constitutes an impermissible attempt to circumvent the certification requirements set forth in 28 U.S.C. § 2244(b) for filing a second or successive habeas petition. Furthermore, even if Petitioner were to object on the basis that the claims in the Rule 60(b) motion are different than those that were raised in his federal habeas petition, his motion would still be construed as a second or successive habeas petition because he is advancing new grounds for relief that challenge his underlying conviction. The certification requirement in § 2244 expressly states that permission to file such a motion can only be granted by a court of appeals. Because he has not obtained such an order, this Court may not consider the merits of his claims. Consequently, the Rule 60(b) Motion should be denied.

However, even if this Court were to review the claims in the motion, there would still be no basis for granting Petitioner habeas relief. Although it is not entirely clear from Petitioner's motion what kind of violation he alleges the Commonwealth committed, it is clear that the alleged violation is one of state law which is not cognizable in a federal habeas action. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims

5

cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Nonetheless, nothing in Pennsylvania law, nor in Federal law, prevented the Commonwealth from nolle prossing Petitioner's original informations in order to recharge him in new informations. In the instant case, Petitioner's trial counsel filed a state habeas petition on May 7, 1979, demanding that a coroner's inquest or a preliminary hearing be held in order to demonstrate probable cause for holding Petitioner. Petitioner's trial counsel agreed to withdraw this motion upon an assurance from the Commonwealth that a coroner's inquest would be conducted. This inquest did occur, new charges against Petitioner were subsequently filed, and Petitioner was re-arrested on these new charges. Petitioner fails to indicate why the Commonwealth could not do this.

It is possible that Petitioner's argument is based on his misunderstanding of what affect the denial of an earlier writ of habeas corpus had on his state court criminal proceedings. Prior to trial counsel's May 7, 1979 state habeas petition, counsel presented another petition to the court requesting a dismissal of the charges against Petitioner because Petitioner was not afforded a preliminary hearing (while a preliminary hearing had been held, Petitioner was not present). That petition, however, was denied based on trial counsel's requested relief, that being dismissal of the charges and not a demand that the Commonwealth establish a prima facie case. From his motion, it appears that Petitioner is under the impression that the denial of the first state habeas petition somehow barred the Commonwealth from nolle prossing the original criminal informations and charging him with the same and additional criminal charges in new informations. This is simply not the case.

It is also possible that Petitioner misunderstands the meaning of 42 Pa.C.S. § 6505.

Notwithstanding the fact that his claims are not properly before this Court in a Rule 60(b) motion, and not cognizable on federal habeas review, Petitioner has not shown that the Commonwealth violated Federal law, deprived him of due process or violated his constitutional rights.

## III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion for Relief from Judgment filed by Petitioner George Cobbs (ECF No. 24) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  June 4, 2015.

_____
Lisa Pupo Lenihan
United States Magistrate Judge


cc:   George Cobbs
      AP-8085
      SCI Fayette
      Box 9999
      LaBelle, PA  15450-0999