IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE COBBS, ) | 2:03cv1952 |
| ) | Electronic Filing |
| Petitioner, ) | |
| ) | Judge David Stewart Cercone |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| NEAL K. MECHLING, ) | |
| *Superintendent SCI-Fayette, et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER OF COURT**

Pending before the Court is a Motion for Relief from Judgment ("the Motion") that Petitioner filed on March 20, 2015, ten years after judgment was entered in this case. (ECF No. 24.) Petitioner seeks relief pursuant to Federal Rule of Civil Procedure 60(b), which allows a party to seek relief from a final judgment under a limited set of circumstances. The Motion was referred to United States Magistrate Judge Lisa Pupo Lenihan in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

On June 4, 2015, Magistrate Judge Lenihan issued a Report and Recommendation recommending that the Motion be denied. (ECF No. 27.) The parties were advised that written objections to the Report and Recommendation were to be filed within 14 days of the date of service. Petitioner submitted written objections on June 22, 2015. (ECF No. 28.)

In her Report and Recommendation, the Magistrate Judge indicated that while the exact nature of Petitioner's claim was not clear, it was clear that Petitioner was challenging his underlying conviction, and, as such, his Motion had to be construed as a second or successive habeas petition. Because Petitioner had not obtained permission from the Third Circuit Court of Appeals to file such a petition, this Court could not entertain the claims in the Motion.

Additionally, the Magistrate Judge concluded that the claim advanced in the Motion was not cognizable in a federal habeas action because it was an alleged violation of state law.

In his objections, Petitioner complains that the Magistrate Judge misunderstood his claim. However, after reviewing the Motion, the Court agrees with the Magistrate Judge that Petitioner's claim is anything but clear. As best the Court can understand, Petitioner claims that the Commonwealth intentionally violated 42 Pa.C.S. § 6505 "in order to circumvent Pennsylvania Rule of Criminal Procedure 564" and "back-door a different set of robbery charges" against him in 1979. He has attempted to bring this claim before the state courts but they have refused to address it on the merits. Petitioner argues that he is not alleging a violation of state law but rather seeking relief under the umbrella of due process.

Petitioner's objections, however, do not undermine the Magistrate Judge's analysis of the issue, which is whether this Court has jurisdiction to consider the Motion. A motion under Rule 60(b) in a habeas case cannot be used to advance a claim challenging the petitioner's underlying conviction or the court's prior resolution of a claim on its merits.[1] Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief that could have been raised in the prior petition or "attacks the federal court's previous resolution of a claim on the merits."); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Instead, use of a Rule 60(b) motion generally is limited to the attacking the manner in which a petitioner's previous habeas petition was

---

[1] Whether the claim in a Rule 60(b) motion is identical or similar to a claim raised in the original petition is a distinction without a difference. This was explained on page 5 of the Magistrate Judge's Report and Recommendation. (ECF No. 27) ("[E]ven if Petitioner were to object on the basis that the claims in the Rule 60(b) motion are different than those that were raised in his federal habeas petition, his motion would still be construed as a second or successive habeas petition because he is . . . challeng[ing] his underlying conviction.").

2

procured. Gonzalez, 545 U.S. at 531. In this case, the Magistrate Judge correctly concluded that Petitioner's Motion is in fact a second or successive habeas petition, and in this regard he must obtain an order from the Third Circuit granting him permission to file another petition before this Court can consider the claim he asserts in his Motion. *See* 28 U.S.C. § 2244; Burton v. Stewart, 549 U.S. 147, 157 (2007).

This Court is without jurisdiction to consider Petitioner's Rule 60(b) Motion, which is construed as a second or successive habeas petition. For this reason, his objections must be overruled and his concomitant request for a certificate of appealability likewise must be denied. Okay. Accordingly, after *de novo* review of the pleadings and documents in the case, including the Report and Recommendation and the objections thereto, the following order is entered:

**AND NOW**, this 10th day of July, 2015,

**IT IS ORDERED** that Petitioner's Motion for Relief of Judgment (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Lenihan's Report and Recommendation (ECF No. 27) as augmented in this memorandum order is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order then a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court,

at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

s/David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: George Cobbs  
      AP-8085  
      SCI Fayette  
      Box 9999  
      LaBelle, PA 15450-0999  
      (*Via First Class Mail*)

      Keith B. Nelson, Esquire  
      Cory J. Schuster, Esquire  
      (*Via CM/ECF Electronic Mail*)